UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RAUL JEFFERSON POMAQUIZA LOJA,

        Petitioner,

     v.                                                              26-cv-512-LJV
                                           DECISION & ORDER

THOMAS BROPHY, ET AL.,

        Respondents.

_____

      Raul Jefferson Pomaquiza Loja has been detained in the custody of the

Immigration and Customs Enforcement ("ICE") since March 12, 2026.  Docket Item 1

¶ 6.  On March 19, 2026, Pomaquiza Loja filed a petition for a writ of habeas corpus

under 28 U.S.C. § 2241, challenging the validity of his detention at the Buffalo Federal

Detention Facility in Batavia, New York, and requesting either his immediate release or

a bond hearing.  *Id.* ¶¶ 11, 16.

      On March 25, 2026, the government moved to dismiss the petition, arguing that

Pomaquiza Loja had waived the right to challenge his detention.  Docket Item 4.  After

Pomaquiza Loja responded, Docket Item 6, the Court ordered the government to submit

supplemental briefing, Docket Item 7, which it did on April 28, 2026, Docket Item 8.  On

May 7, 2026, the Court heard oral argument and requested additional briefing

concerning Pomaquiza Loja's arrest.[1]  *See* Docket Item 12.

_____

     [1] The government submitted its response on May 7, 2025.  Docket Item 11.
Pomaquiza Loja, however, did not file the requested submission.

For the reasons that follow, the Court grants the government's motion to dismiss and dismisses the petition.

## BACKGROUND[2]

Pomaquiza Loja is a dual citizen of Spain and Ecuador.  Docket Item 1 ¶ 1.  On September 12, 2019, he "entered the United States [under] the Visa Waiver Program . . . , which permits eligible travelers to seek admission to the United States for up to 90 days for business or tourism."  *Id.*  Pomaquiza Loja has lived in New York ever since and has no criminal history.  *Id.* ¶¶ 3, 5.

On March 12, 2026, Pomaquiza Loja was arrested by ICE on his way to work, and he currently is being held at the Buffalo Federal Detention Facility.  *Id.* ¶ 6, 11; *see also* Docket Item 4-2 at 6 (United States Department of Homeland Security ("DHS") Arrest Warrant).  On the day of his arrest, Pomaquiza Loja was provided with a copy of an arrest warrant, a Notice of Intent to Issue a Final Administrative Removal Order, a Visa Waiver Program Final Administrative Removal Order, and a Visa Waiver Program Notice to Alien Ordered Removed/Departure Verification.  *See* Docket Item 4-2.  Seven days later, he filed this petition for a writ of habeas corpus.  Docket Item 1.

---

[2] The Court takes the facts from the petition, Docket Item 1, and, when appropriate, from the government's motion to dismiss and its attached exhibits, Docket Items 4-1 and 4-2.  On a motion to dismiss, the Court accepts the facts in the petition as true and views the facts in the light most favorable to the petitioner.  *See Williams v. DHS/ICE/Immigr. Ct.*, 2023 WL 3585849, at *1 (W.D.N.Y. May 22, 2023).

## LEGAL PRINCIPLES

### I.   SECTION 2241 PETITION

28 U.S.C. § 2241 "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)). "When a petitioner brings a habeas petition [under section] 2241, the petitioner 'bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence.'" *Dzhabrailov v. Decker*, 2020 WL 2731966, at *3 (S.D.N.Y. May 26, 2020) (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011)). "The equitable principles governing [section] 2241 are reflected in the plenary discretion vested in habeas courts to 'hear and determine the facts, and dispose of the matter as law and justice require.'" *Id.* (alterations omitted) (quoting *Pinkney v. Keane*, 920 F.2d 1090, 1093 (2d Cir. 1990)).

### II.   MOTION TO DISMISS

The government has moved to dismiss Pomaquiza Loja's habeas petition for failure to state a viable claim under Federal Rule of Civil Procedure 12(b)(6). *See* Docket Item 4. "A court reviews a motion to dismiss a habeas petition according to the same principles as a motion to dismiss a civil complaint under Federal Rules of Civil Procedure . . . 12(b)(6)." *Williams*, 2023 WL 3585849, at *1 (quoting *Hines v. United States*, 2023 WL 2346540, at *2 (D. Conn. Mar. 3, 2023)).

"To survive a motion to dismiss [under Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*,

550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but

it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*

(quoting *Twombly*, 550 U.S. at 556).

## DISCUSSION

In its first submission, the government took the position that Pomaquiza Loja was

being held under 8 U.S.C. § 1187—the statute governing the Visa Waiver Program.

Docket Item 4-1 at 3.  But it now argues that he is detained under 8 U.S.C. § 1231.

Docket Item 8 at 2.  Pomaquiza Loja says that he is held under 8 U.S.C. § 1226(a) and

that he is entitled to a bond hearing or immediate release as required by that statute.

Docket Item 1 ¶¶ 14, 19.  The Court therefore begins by addressing the relevant

sections of the Immigration and Nationality Act.

## I.      STATUTORY FRAMEWORK

### A.      Section 1187

Section 1187 established the Visa Wavier Program, which allows noncitizens

from certain countries to enter the United States for a period of up to 90 days without a

visa.  8 U.S.C. § 1187(a).  In exchange for this simplified entry process, those admitted

under the Visa Waiver Program waive certain rights, including the right to challenge

their removal from the United States.  *Id.* § 1187(b).  More specifically, for noncitizens

4

who enter the country under the Visa Waiver Program, the right to challenge removal is limited to filing "an application for asylum." *Id.* And if such a noncitizen does not seek asylum, or if the noncitizen's asylum application is denied, he or she may be removed from the United States without any additional process. 8 CFR § 217.4.

### B.    Section 1226(a)

Section 1226, entitled "Apprehension and detention of aliens," provides that "[o]n a warrant issued by the Attorney General, an alien"—that is, a noncitizen—"may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." 8 U.S.C. § 1226(a). It further provides that:

> [e]xcept as provided in subsection (c) and pending such decision, the Attorney General—
>
> (1) may continue to detain the arrested [noncitizen]; [or]
>
> (2) may release the [noncitizen] on—
>
>> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>>
>> (B) conditional parole; but
>
> (3) may not provide the [noncitizen] with work authorization (including an "employment authorized" endorsement or other appropriate work permit), unless the [noncitizen] is lawfully admitted for permanent residence or otherwise would (without regard to removal proceedings) be provided such authorization.

*Id.*

### C.    Section 1231

Section 1231 governs the detention and removal of noncitizens with final orders of removal. 8 U.S.C. § 1231. It "provides that, after 'a[ noncitizen] is ordered removed,' the [g]overnment shall remove the [noncitizen] within a ninety . . . day period called the

5

'removal period.'"  *E.M.M. v. Almodovar*, 2025 WL 3077995, at *2 (S.D.N.Y. Nov. 4,

2025) (quoting 8 U.S.C. § 1231(a)(1)(A)).  That period begins "on the latest" of three

possible dates:

> (i)    The date the order of removal becomes administratively final.
>
> (ii)   If the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order.
>
> (iii)  If the [noncitizen] is detained or confined (except under an immigration process), the date the [noncitizen] is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B); *see also Hechavarria v. Sessions*, 891 F.3d 49, 54-55 (2d Cir.

2018, as amended (May 22, 2018)).

During the removal period, the noncitizen is subject to mandatory detention.  *Id.*

§ 1231(a)(2)(A).  But "[i]f the [noncitizen] does not leave or is not removed within the

removal period, the [noncitizen], pending removal, shall be subject to supervision under

regulations prescribed by the Attorney General."  *Id.* § 1231(a)(3).

## II.    AUTHORITY FOR POMAQUIZA LOJA'S ARREST AND DETENTION

The parties disagree on the grounds for Pomaquiza Loja's arrest and detention.

The government initially argued that Visa Waiver Program participants "are subject to

detention [under section] 1187(c)(2)(E)."  Docket Item 4-1 at 3.  As noted above, that

statute permits certain noncitizens to remain in the United States for up to ninety days

without a visa.  8 U.S.C. § 1187(a).  But "[t]he text of [section] 1187(c)(2)(E) says

nothing about DHS's authority to arrest and detain a person who has overstayed under

the [Visa Waiver Program]."  *Molina v. Soto*, 2025 WL 3281820, at *3 (D.N.J. Nov. 25,

2025); *Nicolas T. v. Noem*, 2026 WL 1010750, at *1 (S.D. Tex. Mar 30, 2026) ("This

6

provision does not contain language authorizing detention, much less mandatory detention." (citing 8 U.S.C. § 1187(c)(2)(E)).

The government supported its original position with a Board of Immigration Appeals decision holding that section 1187(c)(2)(E) was "the statutory authority for [an] applicant's detention." *Matter of A-W-*, 25 I&N Dec. 45 (BIA 2009); *see* Docket Item 4-1 at 3. But district courts have found that case to be "unpersuasive." *See Nicolas T.*, 2026 WL 1010750, at *1; *Romance v. Warden York County Prison*, 2020 WL 6054933, at *3 (M.D. Pa. Jul. 28, 2020) (agreeing that "contrary to the BIA's determination in *A.W.*, [section] 1187(c)(2)(E) contains no language which expressly authorizes the detention" of Visa Waiver Program participants) (internal quotation marks omitted). In fact, "most federal courts that have directly addressed whether a noncitizen who has violated the Visa Waiver Program can be detained [under section] 1187(c)(2)(E) have held that [section] 1187(c)(2)(E) is not a valid basis for detention." *Quispe v. Chestnut*, 2026 WL 654577, at *2 (E.D. Cal. Mar. 9, 2026) (collecting cases); *see also Nicolas T.*, 2026 WL 1010750, at *1 ("This is the same conclusion reached by other district courts on the rare occasions this statute was invoked for this purpose."); *Molina*, 2025 WL 3281820, at *3 ("This Court agrees with those courts who have drawn the same conclusion, that 'the [Visa Waiver Program] does not have its own detention provision, and the detention of an alien . . . must instead arise from one of the other statutory provisions expressly covering aliens subject to detention during their removal proceedings." (quoting *Gjergj G. v. Edwards*, 2019 WL 1254561, at *2 (D.N.J. Mar. 18, 2019))).

The government therefore shifted gears and now argues that Pomaquiza Loja is being held under section 1231 because he has been issued a Final Administrative Removal Order.  Docket Item 8 at 2.  Pomaquiza Loja disagrees and says that his arrest and detention are governed by section 1226(a).  Docket Item 6 at 4.  The Court agrees with the government.

A noncitizen may be detained under section 1226(a) until a final order of removal is issued.  *See* 8 U.S.C. § 1226(a) ("a[ noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed").  Because the Final Administrative Removal Order in this case was issued on the same day that Pomaquiza Loja was arrested, *see* Docket Item 4-2, he has been detained under section 1231 since then.  And because the removal period has not yet expired, *see E.M.M.*, 2025 WL 3077995 at *2, he is not entitled to release or a hearing, 8 U.S.C. § 1231(a)(2)(A).

But that does not end the inquiry:  Pomaquiza Loja also argues that regardless of the statutory authority for his detention, he is entitled to immediate release because he was not given an appropriate charging document—namely, a Notice to Appear—when he was arrested.  Docket Item 1 ¶ 62.  He is incorrect.

A Notice to Appear begins the process of removal proceedings.  *See Cruz v. Mullin*, 2026 WL 1027441, at *2 (E.D.N.Y.  Apr. 16, 2026) (explaining that an arrest warrant and Notice to Appear are necessary to arrest a noncitizen pending removal proceedings).  But as a Visa Waiver Program participant, Pomaquiza Loja waived the right to removal proceedings.  *See* 8 C.F.R. § 217.4(b)(1) (removal of Visa Waiver Program participants "shall be effected without referral of the alien to an immigration

judge for a determination of deportability").  So Pomaquiza Loja was not entitled to a Notice to Appear.[3]

What is more, Pomaquiza Loja was indeed given documents informing him of the charges against him and the reasons for his detention at the time he was arrested. More specifically, he was given an arrest warrant and a Visa Waiver Program Notice of Intent to Issue a Final Administrative Removal Order—a document specific to Visa Waiver Program participants detailing DHS's factual allegations and informing noncitizens that they "are not entitled to a hearing before an Immigration Judge regarding . . . removability."  Docket Item 4-2 at 2-3, 6.  Therefore, Pomaquiza Loja is incorrect when he argues that the government's failure to issue a Notice to Appear is a "fatal defect" of his arrest and detention.  *See* Docket Item 1 ¶ 62.[4]

In sum, Pomaquiza Loja is detained under section 1231.  He was never entitled to the issuance of a Notice to Appear—or any other process as part of a removal proceeding—because he waived those rights upon his entry to the United States under the Visa Waiver Program.  Therefore, Pomaquiza Loja's arrest and detention are legal.

---

[3] Even if there was a short period between Pomaquiza Loja's arrest and the issuance of the Final Administrative Removal Order—that is, even if he was briefly held under section 1226(a)—Pomaquiza Loja still was not entitled to the typical removal procedures provided under section 1226(a) because he waived those rights when he entered the country under the Visa Waiver Program.

[4] Pomaquiza Loja relies on *Gopie v. Lyons*, 2025 WL 3167130 (E.D.N.Y. Nov. 13, 2025), *see* Docket Item 1 ¶ 62, but that case is inapposite.  The petitioner in *Gopie* was not a Visa Waiver Program participant.  In fact, that case says that a Notice to Appear "begins the removal process" and is the grounds for the government to "effectuate [the petitioner's] arrest . . . until removal proceedings are completed."  *Gopie*, 2025 WL 3167130, at *1.  Here, on the other hand, Pomaquiza Loja waived his rights to any "removal process," and a final order of removal already has been issued.

If at some point Pomaquiza Loja believes that his detention under section 1231 is unlawful, he may again seek a writ of habeas corpus.

## **CONCLUSION**

For the reasons stated above, the government's motion to dismiss, Docket Item 4, is GRANTED, and Pomaquiza Loja's petition, Docket Item 1, is DISMISSED.  The Clerk of the Court shall close this case.


SO ORDERED.

Dated:   June 2, 2026
        Buffalo, New York


*/s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE